IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| HEALTH EDUCATION CORPORATION d/b/a NUTRANOMICS, <br><br> Plaintiff, <br><br> v. <br><br> IGNITE NATURALS, INC., <br><br> Defendant. | MEMORANDUM DECISION AND ORDER ENTERING TERMINATING SANCTIONS <br><br><br> Case No. 2:13-CV-657 TS <br><br> District Judge Ted Stewart |

On October 21, 2013, counsel for Defendant was permitted to withdraw. The Court ordered that Defendant file a Notice of Substitution of Counsel or Notice of Appearance within twenty-one (21) days after the entry of that Order. The Court warned that the failure to file a Notice of Substitution of Counsel or Notice of Appearance may subject Defendant to sanctions pursuant to Federal Rule of Civil Procedure 16(f)(1), including but not limited to dismissal or default judgment. Defendant failed to comply with the Court's Order.

On November 13, 2013, Defendant failed to appear at an initial pretrial conference that had been scheduled prior to counsel's withdrawal.

On November 18, 2013, the Court issued an order to show cause, directing Defendant to show cause why sanctions, up to and including terminating sanctions, should not be imposed upon it for failing to comply with the Court's prior order. Defendant failed to respond. A copy of the order to show cause that had been mailed to Defendant was returned as undeliverable.

Federal Rule of Civil Procedure 16(f) provides that the Court may issue any just order, including those authorized by Federal Rule of Civil Procedure 37(b)(2)(A)(ii)–(vii), if a party

fails to obey a scheduling or other pretrial order.[1] Rule 37(b)(2)(A)(ii)–(vii) provides for the following types of sanctions:

> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> (iii) striking pleadings in whole or in part;
> (iv) staying further proceedings until the order is obeyed;
> (v) dismissing the action or proceeding in whole or in part;
> (vi) rendering a default judgment against the disobedient party; or
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.[2]

When determining the proper sanction the Court is to consider a number of factors, including: (1) the degree of actual prejudice to the plaintiff; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.[3]

Considering these factors, the Court finds that terminating sanctions are appropriate. First, there is a high degree of actual prejudice to Plaintiff. As stated, Defendant has failed to comply with this Court's orders and has refused to participate in this action. As a result of Defendant's actions, Plaintiff has been unable to prosecute its claims against Defendant. Second, the Court finds Defendant has interfered with the judicial process. Defendant has refused to comply with the Court's orders and has essentially refused to be a part of this litigation. Third, the Court finds Defendant to be highly culpable. The Court has provided clear and simple instructions for Defendant to follow, but it has refused. Fourth, the Court has warned Defendant

---

[1] Fed. R. Civ. P. 16(f)(1)(c).

[2] Fed. R. Civ. P. 37(b)(2)(A)(ii)–(vii).

[3] *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992).

that its continued refusal to comply with the Court's orders could result in sanctions, including terminating sanctions. Finally, the Court finds that a sanction less than a terminating sanction will not be effective based on Defendant's behavior.

Based upon these findings, the Clerk of the Court is directed to enter judgment in favor of Plaintiff and against Defendant in the amount of $146,352.76, as requested in Plaintiff's Complaint. It is further ordered that Defendant's counterclaim is dismissed with prejudice. Upon entry of judgment, the Clerk of the Court is directed to close this case forthwith.

SO ORDERED.

DATED this 10th day of December, 2013.

BY THE COURT:

Ted Stewart
United States District Judge